UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINJA KYNG PARIAH JOHNSON,<br><br>      Plaintiff,<br><br>    -against-<br><br>ROBERT MCCLAIN; ALVIN JAVIER; TITO MARTINEZ; JOHN JOHNSEN; JUNITO ALTEREZ; FRAMPTON PARAISLEY; ANDRE MEIJA; CAPT. KIM; RIKERS ISLAND; LILY C. GRAHAM; MARIO DESIMONE; DAVID SOMERSET; JAMES STELLA; MYRNA THOMAS; LAWRENCE E. SLOAN; BRANDY A. MORA; RICHARD DIDONATO; APRIAN ARAV; ARGENYS CONCEPCION; GEORGE OSEI; PETER CYBULSKI; ROBERT CATTANI; THOMAS BISCIONE; ALGERO; MAGRINO; DET. HANNIGAN; P/O HEREDIA; CAP. KALICOVIC; INS. OSHARE; C/O MALE MEIJA; C/O MALE PARSONS; C/O MALE MARTINEZ; C/O MALE ARCHER; KKK; and DONALD J. TRUMP,<br><br>      Defendants. | 22-CV-8685 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who currently is incarcerated at Albion Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her rights. By order dated December 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff has filed ten civil rights actions in this court, three of which were dismissed for failure to pay the filing fees or request that the fees be waived.[2] In addition to those three actions, and an action concerning events occurring in 2020,[3] this new action is the sixth lawsuit that Plaintiff has filed concerning her arrest and detention at the Rose M. Singer Center ("RMSC") on Rikers Island; in some of those five lawsuits, she also raises claims arising out of her music and alleged copyright infringements. The Court briefly describes the facts alleged in the five other lawsuits before turning to the instant action.[4]

---

[2] *See Johnson v. Carter*, ECF 1:22-CV-4559, 4 (S.D.N.Y. Aug. 31, 2022); *Johnson v. James*, ECF 1:22-CV-4358, 3 (S.D.N.Y. Aug. 31, 2022); *Johnson v. Rikers Island (R.M.S.C.)*, ECF 1:21-CV-2076, 3 (S.D.N.Y. July 20, 2021).

[3] *See Johnson v. Ramos*, ECF 1:20-CV-10361, 8 (S.D.N.Y. July 2, 2021) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] The Court quotes verbatim from the pleadings. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

A.     ***Johnson v. Rose M. Singer Ctr.*, ECF 1:22-CV-2410, 14 (S.D.N.Y. Dec. 21, 2022) ("*Johnson I*")**

In *Johnson I*, Plaintiff asserted (1) claims related to her detention at RMSC and brought against the RMSC, the City of New York, and two other detainees, Victoria Nasarovia and Suzette Troutman; (2) claims arising out of her January 31, 2022, arrest, which were brought against the New York City Police Department ("NYPD") and the City of New York; (3) claims concerning an attempted kidnapping by Ivanka Trump; (4) claims arising out of Plaintiff's being stalked by Nicole Arrington; and (5) claims related to an alleged infringement of Plaintiff's music by Shawn Carter (Jay-Z), Beyonce Knowles-Carter, Wiz Kid, Saint Jhn, and Katora Moreró "Young Ma." She also named the State of New York as a defendant.

On August 5, 2022, the Court granted Plaintiff leave to assert facts in support of her claims that (1) NYPD officers violated her rights during the January 31, 2022, arrest, and that (2) RMSC correctional staff violated her constitutional rights during her detention following her arrest. In her amended pleading, Plaintiff alleged that in "New York, USA, California," from 2018 to the present, Defendants are "not allowing me to participate in activities . . . like college classes w/stronger application." ECF 1:22-CV-2410, 8. She also attached documents to the amended pleading regarding two incidents that occurred at the RMSC, one on April 3, 2022, and the second on June 10, 2022. *See id.* The attachments indicated that Plaintiff received psychiatric treatment from April 14, 2022, to June 15, 2022, and from August 9, 2022, to October 24, 2022. *See id.*

On December 20, 2021, the Court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), for failure to state a claim upon which relief may be granted and because the complaint sought relief from defendants immune from such relief.

**B.     *Johnson v. Johnson*, ECF 1:22-CV-3024, 5 (S.D.N.Y.) ("*Johnson II*")**

*Johnson II* is currently pending before the Court. The claims concern events that occurred on Rikers Island and at the Kirby Forensic Psychiatric Center ("Kirby"). Plaintiff names as defendants Correction Officers Adams, Butler, and Jaquel; Captains Johnson, Kim, and King; Deputy Nelson and Rivera; Judge Weston; Kirby; Rockland Psychiatric Center; David Kraus; Parsons; Sarah Perry; Punn; and Jean Soufrant.

**C.     *Johnson v. Rikers Island*, ECF 1:22-CV-3047, 8 (S.D.N.Y. Sept. 7, 2022) ("*Johnson III*")**

In *Johnson III*, Plaintiff asserted claims that arose out of an incident that occurred at the RMSC on April 3, 2022. She also asserted claims that arose in 2016, against JetBlue Airlines, the United States, and the "KKK." In addition to these defendants, she also named, but did not state any facts regarding the involvement of, Isaiah Rashad, Aubrey Graham ("Drake"), Donald Trump, Jr., Mike Pence, Saint Jha, Wiz Kid, and Boosie.

In an order to amend, issued on June 21, 2022, the Court dismissed some of Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(h) of the Federal Rules of Civil Procedure and under 28 U.S.C. § 1915(e)(2)(B)(iii), because Plaintiff sought relief from a defendant immune from such relief. *See* ECF 1:22-CV-3047, 7. On September 2, 2022, the Court dismissed the remaining claims under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. *See id.*, ECF 8.

**D.     *Johnson v. Bragg*, ECF 1:22-CV-8651, 11 (S.D.N.Y. Mar. 6, 2023) ("*Johnson IV*")**

In *Johnson IV*, Plaintiff asserted claims against (1) the New York County District Attorney Alvin Bragg; (2) former President Donald Trump; (3) a New Jersey or New York State judge, Judge Barber; (4) a New York County Assistant District Attorney or a Jersey City, New Jersey Police Chief, Adam Buribham; (5) "East 5th Street"; (6) "West 30th Street"; (7) the

4

NYPD; (8) NYPD Officer Graham; (9) "Precincts 9th, 13th, 14th, 28th"; (10) the City of New York; (11) "Section 8" (12) "Garden Housing"; (13) Wanda Feebles; (14) John Johnsen; (15) the State of New York; and (16) NYPD Police Officer Brown.

Plaintiff asserted claims that arose from 2007 to 2020: in 2007, she sustained an assault in New Jersey; in January 2018, the NYPD arrested her in Tompkins Square Park, in New York, New York; in May 2018, an NYPD officer did not investigate her reporting of a bomb in Union Square, in New York, New York; in 2019, officers arrested and detained her in Los Angeles County, California; in January 2020, correctional staff pepper-sprayed her at a Los Angeles County jail; and in 2021, a Rikers Island physician sexually harassed her and correctional staff falsely cited her for disciplinary infractions.

In an order granting Plaintiff leave to amend, issued on December 20, 2022, the Court dismissed some of Plaintiff's claims under Fed. R. Civ. P. 12(h) and 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). *See* ECF 1:22-CV-8651, 8. The Court dismissed the remaining claims on March 6, 2023, under Fed. R. Civ. P. 12(h) and 28 U.S.C. § 1915(e)(2)(B)(ii). *See* ECF 1:22-CV-8651, 11.

E.  *Pariah v. Scott*, ECF 1:23-CV-0231, 7 (S.D.N.Y.) ("*Johnson V*")

In *Johnson V*, Plaintiff sued: (1) Raymone "Benzino" Scott, whom she describes as a "rapper/actor"; (2) "Coi Leray" Collins, whom she also describes as a "rapper/actor"; (3) "Hot 97," which the Court understands to be a privately owned radio station located in New York, New York; (4) Peter Rosenberg; and (5) Katora "Young Ma" Merrero. She asserted state law claims of defamation, intentional tort, perjury, and extortion. Her claims arose in September 2021, and involved Instagram postings, extortions, and being set up for an arrest. The Court granted Plaintiff leave to amend on March 13, 2023. ECF 1:23-CV-0231, 7.

5

F.  *Johnson v. McClain*, ECF 1:22-CV-8685, 1 (S.D.N.Y. ("*Johnson VI*")

In *Johnson VI*, the instant action, Plaintiff alleges that on January 18, 2018, January 31, 2018, September 27, 2019, and between January 31, 2022 and February 3, 2022, "all of person have either sexually assaulted me or sexually harassed me because of my sexual preference & orientation or they have attacked me for no reason even poisoned my food here in jail [and] out of jealousy." (ECF 1, at 7.) She also alleges, "I was sexually assaulted by the officers via arrest Jan 31, 2022." (*Id.*) She names as defendants individuals about whom she does not state any facts suggesting their personal involvement: Algerio, Junito Alterez, Aprian Arav, Archer, Thomas Biscione, Robert Cattani, Argenys Concepcion, Peter Cybulski, Mario Desimone, Richard Didonato, Lily C. Graham, Hannigan, Heredia, Alvin Javier, John Johnsen, Kalicovic, Kim, Magrino, Martinez, Tito Martinez, Robert McClain, Meija, Andrew Meija, Brandy A. Mora, George Osei, Oshare, Frampton Paraisley, Parsons, Rikers Island, Lawrence E. Sloan, David Somerset, James Stella, Myrna Thomas, KKK, and Donald J. Trump.

In the relief section of the complaint, she states, "I want them to be prosecuted for a hate crime because I'm a community member of the (L)GBTQIA, and I want to sue for pain & suffering 2,000,000,000,000." (*Id.*)

## DISCUSSION

A.  **Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants were involved personally in the events underlying her claims. Plaintiff's claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Here, the complaint appears to concern Plaintiff's arrest and subsequent detention on Rikers Island, based on the dates she provides and the claims she asserted in *Johnson I-IV*. Similar to those actions, however, Plaintiff does not attribute any conduct to a particular defendant. She may, however, be able to allege facts, attributable to a particular defendant, that state a valid claim regarding her arrest and detention. Accordingly, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. If Plaintiff submits a pleading where she

7

does not attribute conduct, regarding her arrest and subsequent detention, to the named defendants, the Court will order the Clerk of Court to enter judgment.

### C.     Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 14, 2023
        New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge